
NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IQUBAL DEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, EDUARDO AGUIRRE, and ANDREA J. QUARANTILLO.<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 05-CV-1341 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Michael Chertoff, Eduardo Aguirre, and Andrea J. Quarantillo ("Defendants") to dismiss the Complaint filed by Plaintiff Iquabal Deen ("Plaintiff") for lack of subject matter jurisdiction. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After carefully considering the submissions of the parties and for the following reasons, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

## I. BACKGROUND

Plaintiff filed a Complaint for writ in the nature of mandamus on March 8, 2005. On June 17, 2005, Defendants filed the instant motion to dismiss on the grounds that this Court lacks proper subject matter jurisdiction. Plaintiff filed opposition on June 27, 2005.

The Court accepts as true the factual allegations in Plaintiff's Complaint for the purposes of this motion. Plaintiff is a 36 year old native of Guyana. He entered the United States on May 18,

1995, with someone else's passport. He had married his wife, Naseem Deen in a religious ceremony in Guyana on February 11, 1986. They had a daughter, Shaliza Deen, on October 5, 1987. Naseem was admitted into the United States as a lawful permanent resident on June 28, 1996. She and Plaintiff were married in a civil ceremony in Bloomfield, New Jersey on August 29, 1996. Plaintiff's wife filed an Alien Relative Petition (I-130) on Plaintiff's behalf which was approved on October 28, 1996. Plaintiff filed an Application to Register Permanent Residence or Adjust Status (I-485) on March 5, 2002, along with an Application for Waiver of Grounds of Excludability (1-601). District Director Andrea J. Quarantillo approved the waiver application on January 15, 2004, finding that Plaintiff had shown that if he were to be removed from this country, wife and their daughter, both now U.S. citizens, would suffer extreme hardship. This was despite Plaintiff's fraudulent entry into this country and guilty plea to a copyright violation in 2001. Since that time, the District Director has not acted on Plaintiff's Application to Adjust Status. Plaintiff has made numerous unsuccessful inquiries as to the status of his application. As of the date of this opinion, no action has been taken on Plaintiff's Application for Adjustment of Status. As such, Plaintiff filed the instant Complaint, where he requests relief by way of Court Order that would require Defendants to adjudicate Plaintiff's application for adjustment of status. Plaintiff states that this Court has jurisdiction under 28 U.S.C. §1331 and §1361, 5 U.S.C. §701 et seq., and 28 U.S.C. §2201, et seq.

## II. DISCUSSION

### A. Standard of Review

Although Defendants did not indicate in their papers which rule their motion was based on, the Court will assume that their motion to dismiss is grounded in Federal Rule of Civil Procedure 12(b)(1). The standard of review on a motion to dismiss under Federal Rule of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction varies depending on whether the defendant makes a facial or factual challenge. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000). The standard for reviewing a facial attack is similar to the standard governing a Rule 12(b)(6) motion. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. at 176. In contrast, in reviewing a factual challenge, the allegations of the complaint are not accepted as true, and "the court may consider evidence outside the pleadings." Id. This case concerns a facial challenge.

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss the complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir.1982).

B. **Subject Matter Jurisdiction**

Plaintiff asserts in his Complaint that this Court has jurisdiction under 28 U.S.C. §1331 and §1361, 5 U.S.C. §701 et seq., and 28 U.S.C. §2201, et seq. However, in their motion to dismiss,

Defendants argue that the Section 1252(g) of the Immigration and Nationality Act ("INA") deprives the Court of jurisdiction over this matter. Defendants also argue that Plaintiff has not made a sufficient showing to allow the court to assume jurisdiction under the mandamus statute, 28 U.S.C. § 1361. Finally, Defendants argue that jurisdiction cannot lie under the Administrative Procedures Act, U.S.C. §701 et seq.. The Court shall examine each argument in turn.

**Section 1252(g)**

Defendants argue that Section 1252(g) of the INA serves to preclude jurisdiction over Plaintiff's Complaint. Specifically, Defendants argue that this Court cannot exercise jurisdiction to compel the BICE to act on Plaintiff's Application for Permanent Residence Status.

Section 1252(g) provides, in pertinent part, "no court shall have jurisdiction to hear any cause or claim...arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders under this chapter." 8 U.S.C. § 1252(g). Thus, under Section 1252(g), this Court is expressly precluded from exercising jurisdiction over any action implicating a decision of the Attorney General regarding commencement of removal proceedings. 8 U.S.C. § 1252(g). Relying on this premise,, Defendants reason that because "judicial review of a decision to commence proceedings is barred, it follows that section 1252(g) also precludes judicial review of the Attorney General's decision **not to commence** removal proceedings." (Def. Mov. Brief at pg 3 (quoting Chapinski v. Ziglar, 278 F.3d 718 (7th Cir. 2002)). In Chapinski,

The Supreme Court examined Section 1252(g) in Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471 (1999), finding the purpose of section 1252(g) is to "give some measure of protection...to discretionary determinations" of the Attorney General, and to prevent "separate rounds of judicial intervention" outside the streamlined process that Congress has

-4-

designed.  Reno at 485.

      Plaintiff argues that his request that the Court order the processing of his application is a ministerial request which does not implicate the discretion of the Attorney General.  However, the Court finds that requesting a decision on an application for adjustment of status is on par with compelling the Attorney General to commence proceedings in order to consider his application.  Chapinski, 278 F.3d at 721.  As the Court in Chapinski observed, the granting of Plaintiff's request would "necessarily compel the Attorney General to commence proceedings in order to process their applications."  Id. at 721.  It "calls on...[the Court] to reverse the Attorney General's exercise of discretion not to commence proceedings..and not process...applications.  Id. at 721.

      In light of the above, it is the determination of this Court that it lacks subject matter jurisdiction over Plaintiff's complaint.

Because the Court has determined that the provisions of the INA bar jurisdiction over this matter, the Court need not consider other grounds of jurisdiction asserted by Plaintiff.  As such, Defendants' motion to dismiss must be granted.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction is **granted**.  An appropriate Order accompanies this Opinion.

                                      S/ Dennis M. Cavanaugh
                                      Dennis M. Cavanaugh, U.S.D.J.

Date:        February 9, 2006
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File